FILED

2013 JAN 10 PM 3:37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY __________

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department Of Justice

KARL J. FINGERHOOD
Trial Attorney (PA Bar ID No. 63260)
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-7519
Fax: (202) 514-2583
E-mail: karl.fingerhood@usdoj.gov

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(Eastern Division - Riverside)

UNITED STATES OF AMERICA,

Plaintiff,

v.

PACIFIC GAS & ELECTRIC COMPANY,

Defendant.

EDCV13-00074-VAP (OPx)
Civil No.

**COMPLAINT**

COMES NOW, the United States of America, by authority of the Attorney General, and at the request of the Secretary of the United States Department of the Interior ("DOI"), and hereby allege the following:

1. This is a civil action under Sections 106, 107, and 113 of the

Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607, and 9613. The United States seeks to recover response costs incurred and to be incurred in response to the release or threatened release of hazardous substances into the environment at or from the Pacific Gas & Electric Company Topock Compressor Station ("Site") located near Needles, San Bernardino County, California, as well as a declaratory judgment that the Defendant is liable for any future response costs incurred by the United States in connection with the Site. The United States also seeks injunctive relief requiring the Defendant to implement the remedy selected in DOI's January 20, 2011 Record of Decision.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to Sections 106, 107(a), and 113(b) of CERCLA, 42 U.S.C. §§ 9606, 9607(a), and 9613(b), and pursuant to 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this judicial district under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) and (c), because the releases or threatened releases that give rise to the claims occurred in this district and because the Site is located in this district.

## DEFENDANT

4. Pacific Gas & Electric Company ("PG&E") is a corporation organized under the laws of the State of California, and is one of the largest combination

natural gas and electric utilities in the United States.

5. At all times material hereto, PG&E did and is doing business in this judicial district.

**GENERAL ALLEGATIONS**

6. The Site is located approximately 12 miles southeast of Needles, San Bernardino, California and a half-mile west of the Colorado River.

7. The Site includes, among other things, a natural gas compressor station ("Compressor Station" or "Topock Compressor Station"), owned and operated by PG&E, which is located on a 65 acre parcel of land owned by PG&E. The Site also includes all areas outside of the Compressor Station where hazardous substances have come to be located.

8. The Compressor Station is surrounded by the Havasu National Wildlife Refuge and lies directly south of land managed by the Bureau of Land Management and under the jurisdiction of DOI.

9. Current operations at the Compressor Station are very similar to the operations that began at the facility in 1951.

10. Between approximately 1951 until 1985 corrosion inhibitors which included hexavalent chromium were added to cooling water used at the Compressor Station.

11. Until approximately 1970, spent cooling water was discharged directly into percolation beds located in an unlined arroyo immediately west of the

Compressor Station, and either percolated into the ground or evaporated at the surface.

12. As a result of the Defendant's operations at the Compressor Station, soil and groundwater at the Site are contaminated with hexavalent chromium.

13. In 2003, DOI notified PG&E that it was a potentially responsible party ("PRP") pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, as an owner and operator of a facility from which hazardous substances had been released into the environment.

14. In July of 2005, DOI and PG&E entered into an Administrative Consent Agreement under which PG&E agreed to implement a Remedial Investigation/Feasibility Study ("RI/FS") and certain removal actions, as directed and approved by DOI, to protect public health or welfare or the environment from hazardous substances on or under land under DOI's jurisdiction.

15. On January 20, 2011, DOI issued a Record of Decision ("ROD") through which it selected a remedial action to address the release or threatened release of hazardous substances at or from the Site to groundwater. The ROD outlined the remedy to be conducted to address groundwater contamination at the Site, which remedy includes: Construction of an In-Situ Reactive Zone ("IRZ") along National Trails Highway using a line of wells that may be used as both injection and extraction wells to circulate groundwater and distribute an organic carbon source to promote bacteriological reduction of the hexavalent chromium to

trivalent chromium ("Cr (III)"); Flushing accomplished through a combination of potable water injection and injection of carbon amended water in wells upgradient of the plume; Extraction wells near the Colorado River to provide hydraulic capture of the plume, accelerate cleanup of the floodplain, and enhance the flow of contaminated groundwater through the IRZ line; Bedrock extraction wells in the eastern (downgradient) end of the East Ravine to provide hydraulic capture of contaminated groundwater in bedrock. Extracted water will be treated and managed using the same active treatment system that will be used to treat and manage contaminated groundwater extracted from the Alluvial Aquifer; Institutional controls to restrict surface land uses and prevent the use of groundwater; And, monitored natural attenuation as a long term component to address residual hexavalent chromium that may remain in recalcitrant portions of the aquifer after in-situ treatment.

**SECTION 107 OF CERCLA**

16. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), as amended, provides in pertinent part:

"Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section —

(1) the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous

substances were disposed of . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for —

(A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan[.]"

17. To protect the public health, welfare, and the environment from the actual or threatened release of hazardous substances at or from the Site, DOI, pursuant to Section 104(a) and (b) of CERCLA, 42 U.S.C. § 9604(a) and (b), has undertaken response actions with respect to the Site, including investigations, monitoring, assessing, testing, enforcement activities, and removal actions.

18. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in part:

In any such action . . . [for recovery of the costs referred to in section 9607 of this title], the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

## FIRST CLAIM FOR RELIEF

19. The allegations of Paragraphs 1 through 18 are realleged and incorporated herein by reference.

20. The Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

21. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

22. Substances found in the soils and groundwater at the Site, including hexavalent chromium, are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

23. The "hazardous substances" found at the Site were "released" or threatened to be "released" into the "environment" within the meaning of Sections 101(14), 101(22), and 101(8) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(22), and 9601(8), respectively, and these hazardous substances were disposed of at the Site within the meaning of Section 101(29) of CERCLA, 42 U.S.C. § 9601(29).

24. The Defendant is the current owner and operator of a facility from which hazardous substances have been released or are threatened to be released within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

25. The Defendant owned and operated the Site at the time of disposal of hazardous substances within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

26. As a result of releases or threatened releases of hazardous substances at the Site, the United States has incurred response costs, as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25). These response costs were incurred in a manner not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), 40 C.F.R. Part 300.

27. Because the United States has determined that additional response activities are necessary at the Site and because response activities are currently being undertaken at the Site, the United States will incur additional response costs at or in connection with the Site in the future.

28. The response costs the United States will incur at the Site in the future will not be inconsistent with the NCP.

29. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that the Defendant is liable to the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all future response costs incurred by the United States in connection with the Site.

## SECOND CLAIM FOR RELIEF

30. The allegations of Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31. The United States contends that, unless the Defendant acts to abate the danger or threat posed from the release of hazardous substances or threatened release of hazardous substances at or from the Site, there may be an imminent and substantial endangerment to the public health or welfare or the environment.

32. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate the danger or threat at or from the Site.

33. Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the

Defendant is liable to the United States to abate the danger or threat at or from the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff the United States prays that this Court:

1. Order the Defendant to reimburse Plaintiff for all response costs to be incurred in connection with the Site, including interest thereon;

2. Enter a declaratory judgment that the Defendant is liable for all future response costs, including interest, to be incurred by the United States for response actions in connection with the Site;

3. Enter an injunction requiring the Defendant to perform the work required to be implemented in the groundwater ROD selected by DOI in the Record of Decision dated January 20, 2011;

4. Award Plaintiff its costs in this action; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA:**

11/1/12
Date

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

1/10/13
Date

Karl J. Fingerhood
KARL J. FINGERHOOD
Trial Attorney,
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

Of Counsel:

CASEY S. PADGETT
Assistant Solicitor
United States Department of the Interior
1849 C Street, NW
Washington, D.C. 20240

MELISSA D. PAPASAVVAS
Attorney-Adviser
United States Department of the Interior
1849 C Street, NW
Washington, D.C. 20240

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**EDCV13- 74 VAP (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[X] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
United States of America

**DEFENDANTS**
Pacific Gas & Electric Company

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Karl Fingerhood, US Dept. of Justice, Environmental Enforcement Section, P.O. Box 7611, Washington, D.C. 20044-7611
Tel: (202) 514-7519

Attorneys (If Known)
Janice Schneider, Latham & Watkins, LLC
550 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $** ______________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Claim for unpaid response costs and for cleanup under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) 42 U.S.C. Sec. 9601

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☑ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE / PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: EDCV13-00074

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Francisco City and County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernadino County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): Karl Fingerhood **Date** 1/10/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |